1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

VALERIE E. CAMPBELL,                    )

10                                Petitioner,           )          No. C 06-2225 CRB (PR)
                                                        )
11              vs.                                     )          ORDER GRANTING
                                                        )          MOTION TO DISMISS
12      GLORIA HENRY, Warden,                           )
                                                        )          (Doc # 16)
13                                Respondent.           )
                                                        )
14      _____                 )

15
16          Petitioner, a prisoner at Valley State Prison for Women in Chowchilla,

17      California,  seeks a writ of habeas corpus under 28 U.S.C. § 2254.  Per order filed

18      on August 30, 2006, the court found that some of the claims in her petition

19      appeared cognizable under § 2254 and ordered respondent to show cause why a

20      writ of habeas corpus should not be granted.  After several extensions of time,

21      respondent instead moves to dismiss the petition as untimely under 28 U.S.C. §

22      2244(d).  Petitioner has filed an opposition and respondent has filed a reply.

23      (Petitioner has also filed a rebuttal to respondent's reply.)

24                                    **BACKGROUND**

25          Petitioner was convicted by a jury in the Superior Court of the State of

26      California in and for the County of Alameda of one count of first degree murder

27      and two counts of premeditated attempted murder.  On July 19, 2001, she was

28      sentenced to 25 years to life in state prison.

On February 25, 2003, the California Court of Appeal affirmed the judgment of the trial court and, on June 11, 2003, the Supreme Court of California denied review.

In early June 2003, petitioner sought habeas relief from the Alameda County superior court. The superior court denied the request on September 12, 2003, and again on September 24, 2003.

On October 20, 2003, petitioner filed a habeas petition in the California Court of Appeal. On October 24, 2003, the court denied it.

On September 21, 2004, petitioner filed a new habeas petition in Alameda County superior court. Petitioner supplemented the petition in early October, but on October 26, 2004, the court denied it as untimely, as well as on the merits.

On January 3, 2005, petitioner filed a habeas petition in the California Court of Appeal. On January 7, 2005, the court denied all claims but one as untimely.

On February 28, 2005, petitioner filed a habeas petition in the Supreme Court of California. On February 8, 2006, the court summarily denied it.

On March 28, 2006, petitioner filed the instant petition under § 2254.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner

2

from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file her federal habeas petition within one year of the date her process of direct review came to an end.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  Here, because petitioner did not seek a writ of certiorari from the Supreme Court of the United States after the Supreme Court of California denied review on June 11, 2003, her process of direct review came to an end 90 days later, on September 10, 2003, when the time allotted for filing a petition for a writ of certiorari expired.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  The one-year limitation period accordingly expired a year and a day later, on September 10, 2004.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)).  The instant petition was not filed until March 28, 2006, however.  It is untimely unless the limitation period was tolled for a substantial period of time.

Under the tolling provisions of § 2244(d)(2), petitioner was "entitled to tolling of the one-year limitations period for those time periods during which

3

[her] 'properly filed' state habeas petitions were 'pending.'" Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (quoting 28 U.S.C. § 2244(d)(2)). But she is not entitled to statutory tolling for any petition denied by the state courts as untimely because such a petition is considered "neither 'properly filed' nor 'pending'" in the state courts within the meaning of § 2244(d)(2). Id. (citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)). The Supreme Court has made clear that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414.

Here, petitioner's first round of requests/petitions for state habeas relief tolled the one-year limitation period from early June 2003, when petitioner filed her first habeas request in Alameda County superior court, to October 24, 2003, when the California Court of Appeal denied the final petition. The one-year limitation period accordingly did not start running until the next day, October 25, 2003. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition tolls limitation period even if filed before process of direct review came to an end). Petitioner had until October 25, 2004 to file her second round of state habeas petitions and again toll the limitation period before it expired.

At first glance, it appears that petitioner beat the expiration of the limitation period when she filed a new habeas petition in Alameda County superior court on September 21, 2004. But the matter is complicated by the fact that the petition was dismissed as untimely by the superior court and therefore may not have tolled the limitation period under § 2244(d)(2). See Thorson, 479 F.3d at 645 (state petition denied as untimely was not properly filed nor pending

4

under § 2244(d)(2)); <u>Bonner</u>, 425 F.3d at 1148-49 (same).[1]  Unlike the superior court, however, the California Court of Appeal found that one of petitioner's claims was "not subject to the bar of untimeliness" and rejected that claim solely on the merits.  <u>In re Campbell</u>, No. A108779, slip op. at 1 (Cal. Ct. App. Jan. 7, 2005) (citation omitted).  The appellate court's opinion, adopted by the state supreme court in its subsequent summary order of denial, makes clear that petitioner's final habeas petition (presented to the state superior, appellate and supreme courts) was not untimely under state law as to one claim.  It cannot be said that the state habeas petition as a whole was not properly filed nor pending within the meaning of § 2244(d)(2).  <u>Cf.</u> <u>Bonner</u>, 425 F.3d at 1148-49.

Petitioner indeed beat the limitation period when she filed her new habeas petition in state superior court on September 21, 2004, 34 days before the limitation period was set to expire on October 25, 2004.  The limitation period then tolled under § 2244(d)(2) until the Supreme Court of California denied petitioner's final state habeas petition on February 8, 2006.[2]  Petitioner then had 34 days, or until March 14, 2006, to file a federal petition on time.  She did not.  The federal petition filed on March 28, 2006 is untimely.[3]

---

[1]It matters not that the petition was also denied on the merits.  <u>See</u> <u>Bonner</u>, 425 F.3d at 1148-49 (state court's rejection of petition because petitioner repeated the same claims as in an earlier petition or could have included the claims in the earlier petition and did not state reason for any delay in this regard was a rejection for untimeliness and meant that it was never "properly filed" for purposes of tolling provision, regardless of the existence of exceptions to the timeliness requirement and regardless of the fact that the court also denied the petition on the merits).

[2]The Supreme Court of California's order denying petitioner's final state habeas petition was final on filing.  <u>See</u> Cal. Rule of Court 8.532(b)(2).

[3]The petition is untimely even if it could be considered filed on March 16, 2006, the day petitioner signed it.

5

Petitioner claims that she is entitled to additional tolling because this court previously agreed to toll the limitation period until she returned to federal court. Not so. On September 21, 2004, petitioner filed a "motion to toll time for writ of habeas corpus [and] stay." She alleged that she had recently filed new claims in state superior court and wanted a stay and tolling of time in order to exhaust these additional claims in state court. This court promptly denied the motion without prejudice. The court explained that petitioner was "free to file an actual petition containing only exhausted claims and request a stay while she exhausts her new claims," or wait until she exhausts all of her claims in state court to file a federal petition. The court noted that it appeared that petitioner "may exhaust all of her claims in the state courts and still file a timely federal petition" because the "one-year limitation period is tolled for the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." In re Campbell, No. C 04-3970 CRB (PR), slip op. at 1-2 (N.D. Cal. Sept. 24, 2004) (citation omitted) (order). The court did not grant petitioner any tolling or stay.

Petitioner is not entitled to any statutory tolling under § 2244(d)(2) based on her September 2004 filing in this court because an application for federal habeas relief is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 180-81 (2001). The running of the limitation period is not tolled for the period during which a petition is pending in federal court. Id. at 181.

Petitioner is not entitled to any equitable tolling based on her September 2004 filing either. Her request for tolling and a stay was properly and promptly denied within four days of filing. Cf. Corjasso v. Ayers, 278 F.3d 874, 878-79 (9th Cir. 2002) (finding equitable tolling warranted where eight-month delay in

federal court occurred because district court erroneously refused to accept petition for filing because of technical deficiency in cover sheet and lost body of petition by the time petitioner sent in corrected cover sheet).

Petitioner has not shown that any "extraordinary circumstances" beyond her control made it "impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). She had more than 30 days to file a federal petition after the state supreme court denied her final state petition on February 8, 2006, but simply failed to do so. Cf. Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003) (indicating that 30 days is sufficient time for prisoner to return to federal court following final action by state courts).

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (doc # 16) is GRANTED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:  July 9, 2007      _____
CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.06\Campbell1.or3.wpd